UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

        Plaintiff,

       v.                                 MEMORANDUM OPINION AND ORDER
                                            Criminal No. 17-108 ADM/FLN

Jacky Xiong,

        Defendant.

___

LeeAnn K. Bell and Craig R. Baune, Assistant United States Attorneys, United States Attorney's Office, Minneapolis, MN, on behalf of Plaintiff.

Jacky Xiong, pro se.

___

## I. INTRODUCTION

This matter is before the undersigned United States District Judge for a ruling on Defendant Jacky Xiong's ("Xiong") Motion for Return of Seized Property [Docket No. 64] and Motion for Reconsideration [Docket No. 74]. For the reasons set forth below, both Motions are denied.

## II. BACKGROUND

In August 2022, Xiong filed a Motion for Return of Seized Property ("Rule 41 Motion") pursuant to Federal Rule of Criminal Procedure 41(g). Xiong sought the return of the following specific items: (1) one iPhone seized from his person; (2) an Android phone seized from his person; (3) one iPad seized from his business; (4) a 2005 Audi A4; (5) a 2003 BMW; and (6) $6,863.00 seized from his home. R. 41 Mot. at 1-2. Xiong also requested the return of "any other items the Government may have seized which is (sic) not contraband," but provided no description of the "other items." Id. at 2.

On September 12, 2022, the Government filed a response stating that the FBI had completed the administrative forfeiture of Items 4, 5, and 6 (the Audi, the BMW, and the $6,863). Gov't Resp. [Docket No. 67]. The Government further stated that Items 1, 2, and 3 had been destroyed following the completion of the criminal case, and thus, were no longer in the United States' possession. The Government requested and received additional time to file a further response regarding the destroyed items. Id. at 2; Text Order [Docket No. 72].

On November 16, 2022, the Court entered an Order [Docket No. 74] denying the Rule 41 Motion as to the Audi, the BMW, ant the $6,863 (Items 4, 5, and 6) because those items had been administratively forfeited. The Court stayed the matter as to Items 1, 2, and 3 for six months to allow Xiong to present a claim to the FBI for money damages under 31 U.S.C. § 3724 for the destroyed property. The Court further ordered the Government to provide a status update at the end of the stay on May 15, 2023.

On February 16, 2023, while the stay was pending, Xiong filed a Motion for Reconsideration of the Court's November 2022 Order. Xiong contends that he did not receive actual notice of the administrative forfeiture of Items 4, 5, and 6. He further argues that the Court failed to address the "catchall statement" in the Rule 41 Motion that requested the return of "any other items" the Government had seized. Mot. Recon. at 2-3. Xiong lists 18 items which he seeks to be returned to him. Id. at 3. The list includes the six items specified in his initial Rule 41 Motion, and 12 items that Xiong has identified for the first time in his Motion for Reconsideration. See Mot. Recon. at 3.

On May 15, 2023, the Government provided a status update in this matter. See Letter [Docket No. 76]. The Government states that the FBI sent forms and instructions to Xiong in October and November of 2022 to assist him in filing a claim under 31 U.S.C. § 3724 for the

3

value of the three destroyed items.  See Letter Ex. 1 [Docket No. 76, Attach. 1].  The FBI also sent Xiong an offer on December 19, 2022 for the value of the three destroyed items.  See Letter Ex. 2 [Docket No. 76, Attach. 2].  Xiong did not respond or file a claim.  Letter at 1.  The FBI has informed the United States that it will consider any such claims filed by Xiong within three months of the Government's May 15, 2023 status update letter.  Id. at 2.

### III.  DISCUSSION

**A.  Motion for Reconsideration**

The Court first considers Xiong's motion for reconsideration of the November 2022 Order denying Xiong's Rule 41 Motion with respect to the items that had been administratively forfeited (Items 4, 5, and 6).  Xiong argues he did not receive proper notice of the forfeitures.

When property has been administratively forfeited, the exclusive means for challenging the forfeiture is by a motion to set aside the forfeiture pursuant to 18 U.S.C. § 983(e)(1) and (5).  United States v. Croskey, 626 F. App'x 655, 656 (8th Cir. 2015); United States v. Miranda-Ortiz, No. 14-388(1), 2020 WL 3046532, at *2 (D. Minn. June 8, 2020).  Such motions, however," may be filed not later than 5 years after the date of final publication of notice of seizure of the property."  18 U.S.C. § 983(e)(3).  Here, the administrative forfeitures of Items 4, 5, and 6 (the Audi, BMW, and $6863) were all published at www.forfeiture.gov in 2015.  See Letter Exs. 3-5 [Docket No. 76, Attachs. 3-5].  The last publication was completed on October 25, 2015.  See Letter Ex. 4 at 7-8.  The latest date to challenge the forfeitures under § 983(e)(1) and (5) would thus have been October 25, 2020, which is nearly two years before Xiong filed his Rule 41 Motion.  As a result, the Court did not err in denying the return of the administratively forfeited property.

4

Xiong also argues in his Motion for Reconsideration that the Court failed to address his "catchall" request for the return of "other items" that had been seized. However, these items were not specified in Xiong's Rule 41 Motion. As such, the Court did not err in not addressing them. The Motion for Reconsideration is denied.

**B. Rule 41 Motion**

The Court next addresses the Rule 41 Motion as to Items 1, 2, and 3, which were destroyed and no longer in the Government's possession. Rule 41 does not authorize compensatory damages when the government has lost or destroyed a defendant's property. United States v. Hall, 269 F.3d 940, 943 (8th Cir. 2001). Nevertheless, when a district court learns that the government no longer possesses the property that is the subject of a defendant's Rule 41(g) motion, "'the court should grant the movant . . . an opportunity to assert an alternative claim' under a statute which authorizes money damages against the government." United States v. Bailey, 700 F.3d 1149, 1152 (8th Cir. 2012) (quoting Hall, 269 F.3d at 943.

Here, the Court provided Xiong with an opportunity to assert an alternative claim under 31 U.S.C. § 3724, which authorizes money damages against the government for destroying a defendant's property. The Rule 41 proceedings were stayed for six months to allow Xiong to make a such a claim to the FBI. See Nov. 2022 Order at 2. He has not done so.

Additionally, Xiong is barred from bringing a tort claim for damages under the Federal Tort Claims Act ("FTCA") until after he has presented the claim to the appropriate federal agency and been denied. See 28 U.S.C. § 2675 (a) ("An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied . . . ."); McNeil v. United States, 508 U.S. 106, 113 (1993) ("The FTCA

5

bars claimants from bringing suit in federal court until they have exhausted their administrative remedies."). Because Xiong has not presented a claim to the FBI, any claim for damages under the FTCA would be subject to dismissal.

Accordingly, the Court will deny the Rule 41 Motion without prejudice. If Xiong files a claim with the FBI for damages for the destroyed property and no agreement is reached, he may file a new motion or cause of action for damages at that time.[1]

## IV.  CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant Jacky Xiong's Motion for Return of Seized Property [Docket No. 64] is **DENIED**; and

2. Xiong's Motion for Reconsideration [Docket No. 74] is **DENIED.**

BY THE COURT:

Dated:  June 9, 2023

s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT COURT

---

[1] As stated earlier, the FBI will consider claims filed by Xiong for money damages until August 15, 2023 (three months from the date of the Government's status update letter).  See Letter at 2.