UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

        Plaintiff,

        v.                        MEMORANDUM OPINION AND ORDER
                                    Criminal No. 17-108 ADM/FLN

Jacky Xiong,

        Defendant.

___

Jacky Xiong, pro se.

___

## I.  INTRODUCTION

This matter is before the undersigned United States District Judge for a ruling on Defendant Jacky Xiong's ("Xiong") Motion for Compassionate Release [Docket No. 78] and Motion to Appoint Counsel [Docket No. 79].  For the reasons set forth below, both Motions are denied.

## II.  BACKGROUND

In June 2017, Xiong entered a plea of guilty to possession with intent to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). See Min. Entry [Docket No. 32]; Plea Agreement [Docket No. 34].  In the Plea Agreement, Xiong agreed that the base offense level for his violation "is determined by the provisions of U.S.S.G. § 2D1.1."  Plea Agreement ¶ 6.a.  Xiong further agreed that his base offense level "is 34 pursuant to the Drug Quantity Table at § 2D1.1(c)" of the Sentencing Guidelines, "because the applicable drug quantity in this case is at least 500 grams but less than 1.5 kilograms of actual methamphetamine."  Id.

At Xiong's sentencing hearing in December 2017, the Court determined that his adjusted offense level was 33, calculated by starting with a base offense level of 34, adding a two-level increase for maintaining a premises for the distribution of a controlled substance, and applying a three-level decrease because Xiong accepted personal responsibility for the offense. See Sentencing Tr. [Docket No. 57] at 3-4; U.S.S.G. § 2D1.1(b)(12); U.S.S.G. § 3E1.1(a) and (b). The Court also determined that Xiong's criminal history category should be adjusted downward from a Category VI to a Category IV to more accurately reflect the seriousness of Xiong's criminal history. Sentencing Tr. at 4.

Xiong was sentenced to a term of 188 months, which represented the bottom of the sentencing guidelines range of 188 to 235 months. Id. at 14. When imposing the sentence, the Court stated that a substantial sentence was warranted based on Xiong's criminal history, his failure to change his behavior despite having been incarcerated several times before, his continued trafficking of methamphetamine even after police had searched his home and business and found drugs at both locations, and the large amount of methamphetamine involved. Id. at 12-13.

Xiong appealed his sentence, arguing that the sentence was substantively unreasonable because he is a lifelong drug addict and had never served more than four months in prison. The Eighth Circuit affirmed, finding that the Court had fully explained its reasons for sentencing Xiong to 188 months, and that the within-guidelines sentence was substantively reasonable. See USCA Op. [Docket No. 61]; USCA J. [Docket No. 62]. The Eighth Circuit issued its mandate on January 3, 2019. See Mandate [Docket No. 63]. Xiong did not file a petition for certiorari in the Supreme Court, and has never filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence.

3

Xiong now moves for a compassionate release sentence reduction under 18 U.S.C. § 3582(c)(1)(A). He argues that § 2D1.1 of the sentencing guidelines treats offenses involving actual (pure) methamphetamine more severely than offenses involving methamphetamine mixtures, and that no empirical basis exists to support the differential treatment. He also argues that he has made significant efforts toward rehabilitation, including becoming drug free, maintaining steady employment, and taking numerous courses offered by the Bureau of Prisons. Xiong contends that these circumstances constitute extraordinary and compelling reasons to reduce his sentence.

### III.  DISCUSSION

Generally, a "court may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). One of the few exceptions to this general rule is the compassionate release provision of 18 U.S.C. § 3582(c)(1)(A). Under this provision, a court may reduce a term of imprisonment if, "after considering the factors set forth in section 3553(a)," the court finds that "extraordinary and compelling reasons" warrant a sentence reduction, "and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

A compassionate release motion is not the proper vehicle for challenging a sentencing judgment. Instead, "[a] federal inmate generally must challenge a sentence through a § 2255 motion, and a post-judgment motion that fits the description of a motion to vacate, set aside, or correct a sentence should be treated as a § 2255 motion." United States v. Fine, 982 F.3d 1117, 1118 (8th Cir. 2020) (internal citation omitted).

Xiong has not shown extraordinary and compelling reasons to reduce his sentence. Xiong's argument about the methamphetamine guidelines was available at the time he was

4

sentenced, but he did not raise the argument during sentencing, on appeal, or in a § 2255 motion. Indeed, Xiong agreed in his Plea Agreement that § 2D1.1 of the sentencing guidelines applied to his offense, and that his base offense level was 34 pursuant to the Drug Quantity Table at § 2D1.1(c). See Plea Agreement ¶ 6.a. Xiong's use of a compassionate release motion to now challenge the substantive reasonableness of his sentence based his belated policy disagreement with the sentencing guidelines is an improper attempt to evade the finality of his appeal and circumvent the one-year statute of limitations for bringing a § 2255 motion.

Even if the motion were procedurally proper, it would be denied. For the reasons stated at the sentencing hearing, a sentence of 188 months is necessary to satisfy the sentencing factors in 18 U.S.C. § 3553(a), including the serious nature of the crime, the need to promote respect for the law, and the need for adequate deterrence. Xiong's efforts toward rehabilitation, while commendable, do not on their own constitute extraordinary and compelling circumstances. See U.S.S.G. § 1B1.13 comment n.3 (stating that "rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason" for a sentence reduction).

Xiong requests that counsel be appointed to assist him with his compassionate release motion. A defendant does not have a Sixth Amendment right to counsel in a § 3582(c) proceeding. United States v. Brown, 565 F.3d 1093, 1094 (8th Cir. 2009). The Court declines to appoint counsel given the straightforward nature of the issues involved in Xiong's § 3582(c) proceeding.

### IV.  CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant Jacky Xiong's Motion for Compassionate Release [Docket No. 78] and Motion to Appoint Counsel [Docket No. 79] are **DENIED.**

BY THE COURT:

Dated:  August 3, 2023

s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT COURT